UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:22-00062 (WOB-CJS)**

**TOLEDO HILL,**                                                   **PLAINTIFF,**

**VS.**               <u>**MEMORANDUM OPINION AND ORDER**</u>

**ENVOY AIR, INC.,**                                        **DEFENDANT.**

Before the Court is Envoy Air's Motion to Dismiss and to strike portions of the Complaint. (Doc. 13). The issues are fully briefed and the Court now issues this Memorandum Opinion and Order.

*Factual and Procedural Background*

Toledo Hill, an African American man, began working as a ramp agent for Envoy Air in 2015. (Doc. 1 ¶ 11). Over the next five years, Hill rose through the ranks at Envoy, eventually becoming a supervisor. (*Id.* ¶¶ 12-14). He was the only African American supervisor in his division. (*Id.* ¶ 17).

While at Envoy, Hill made multiple complaints about racial discrimination:

- Hill's cousin, who also worked at Envoy, was fired for sleeping on the job, but other non-minority employees were not fired for sleeping on the job. This prompted Hill to complain to Envoy's HR department about racial discrimination. Hill cooperated with the EEOC investigation into his cousin's claims.

- Envoy intentionally grouped African American employees together and assigned them to more difficult shifts.

1

- One of Hill's subordinates was treated differently because of her race.

(*Id.* ¶¶ 19-21, 23-25). One week after making that last complaint, Hill was fired. (*Id.* ¶ 26).

After he was fired, Hill complained about racial discrimination again, and Envoy rehired him and assigned him to work the night shift despite his having more seniority than his non-minority counterparts. (*Id.* ¶ 27, 30).

Envoy later fired Hill again for allegedly damaging an aircraft. (*Id.* ¶ 35). There was another non-minority supervisor on staff when that incident occurred, and that supervisor was not fired. (*Id.* ¶ 37). Other non-minority supervisors were also not fired for damaging aircraft. (*Id.* ¶ 39).

Hill filed a discrimination charge with the EEOC in July 2021. (Doc. 13-1). He received a right to sue letter. (Doc. 1 ¶ 7). He filed this suit in May 2022. (*Id.*). Envoy moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), and to strike portions of the Complaint under Rule 12(f). (Doc. 13).

### *Analysis*

**A.   Rule 12(b)(6) standard**

To survive Envoy's 12(b)(6) Motion to Dismiss, Hill's Complaint must contain sufficient facts, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Plausibility lies somewhere between possibility and probability. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). The Complaint need not include detailed facts, but it must have enough information for the court, relying on its "judicial experience and common sense[,]" to infer that the defendant could be liable. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 556).

    B.    **Wrongful termination claim**

Hill's first claim is for wrongful termination because of his race. (Doc. 1 ¶ 48). Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act make it illegal for an employer to fire or discriminate against someone because of that person's race. 42 U.S.C. § 2000e-2(a)(1); Ky. Rev. Stat. § 344.040(1)(a).

Envoy argues that Hill's wrongful termination allegations are purely speculative. (Doc. 13 at 3-4). Basically, Hill says that he is African American, that he was good at his job, that white employees were treated differently, and that he was fired. (*Id.*). From this, Envoy argues, Hill simply assumes that his race must be related to his firing. (*Id.* at 4). And that's not enough, because all it does is create speculation or suspicion—a possibility, but not plausibility—that Hill's firing was racially motivated. (*Id.*).

In a similar case involving racial discrimination, *Keys v. Humana, Inc.*, the Sixth Circuit reversed a district court's grant of dismissal because the plaintiff's allegations were neither

3

speculative nor conclusory. 684 F.3d at 610. The plaintiff alleged a pattern or practice of discrimination; detailed specific events where the plaintiff was treated differently than her white counterparts; identified key players by their race, name, or company title; and alleged that the plaintiff received adverse treatment despite satisfactory performance. *Id.*

Hill has pled those same facts here. He has alleged a pattern or practice of discrimination. (Doc. 1 ¶¶ 1, 18). He has identified specific events where he was treated differently than his white counterparts, including being forced to work the night shift despite having more seniority, and being criticized, reprimanded, and fired for offenses that went unpunished when committed by white employees. (*Id.* ¶¶ 30, 37, 39, 49-50; Doc. 17 at 6-7). He has identified Envoy employees by name, race, and company titles (supervisor, manager, ramp agent) and explained how people were treated differently based on race. (Doc. 1 ¶¶ 25, 50; Doc. 13-1 at 2). And he has alleged that, despite his five-year history, promotions, satisfactory job performance, and regular accolades and praises, he was nevertheless treated differently than his white counterparts. (*Id.* ¶¶ 10-13, 15-16).

Hill has pled sufficient facts for the Court, in its "judicial experience and common sense[,]" to infer a plausible claim that Hill was fired because of his race. Accordingly, this claim will not be dismissed.

4

### C. Hostile work environment claim

Hill's next claim is for hostile work environment. (*Id.* ¶ 45). Envoy offers two arguments for dismissing this claim.

First, because Hill did not include the claim in his EEOC complaint, he has not exhausted his administrative remedies for that claim. (Doc. 13 at 4-6). The exhaustion requirement triggers an investigation, which gives the defendant notice of the allegations. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)). And while it is indeed a requirement, it isn't an "overly rigid" one and doesn't demand any exact wording. *Kilpatrick v. HCA Human Resources, LLC*, 838 F. App'x 142, 146 (6th Cir. 2020) (quoting *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)). Courts therefore read EEOC complaints to include all claims that might reasonably stem from the alleged discrimination. *Id.* (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)).

Here, Hill's EEOC complaint says he was suspended and discharged for damaging an aircraft, but that white employees who damaged aircraft were not disciplined. (Doc. 13-1 at 2). It also says Hill believes he was discriminated against because he is black. (*Id.*). It is reasonable to assume that a work environment that treats employees differently based on race, and that fires black employees for conduct which, when committed by white

5

employees, goes unpunished, would be a hostile one. So the Court will not dismiss Hill's hostile work environment claim on any administrative exhaustion basis.

Second, Envoy argues that Hill did not support his hostile workplace claim with facts in the Complaint. (Doc. 13 at 6-7). Specifically, Envoy says that Hill pled no causal nexus between his race and the reprimands he received, and that those reprimands do not constitute material employment actions. (*Id.* at 7).

As to the causal nexus argument, Hill has pled sufficient facts for the Court to make a reasonable inference that the reprimands Hill received could have been racially motivated. And as to the employment actions argument, the examples Envoy gives of things that qualify as "tangible or material employment actions giving rise to a claim" are the exact things Hill alleges in his Complaint. Envoy mentions, for example, discharge or termination (alleged in the Complaint at ¶¶ 26, 35), and demotion or undesirable reassignment (alleged in the Complaint at ¶ 30). Accordingly, this claim will not be dismissed.

### D. Retaliation claim

Hill's last claim is for retaliation. (Doc. 1 ¶ 85). Envoy offers three arguments for dismissing this claim.

First, Envoy argues the claim is conclusory and unsupported by specific facts. (Doc. 13 at 7-9). Hill does not, for example,

6

name the specific Envoy employees he complained to, and does not say when he made those complaints. (*Id.* at 8).

But Hill has pled sufficient facts, and with enough particularity, for the Court to reasonably infer that Envoy could have retaliated against Hill for engaging in protected activity. Hill pled that he reported various instances of racial discrimination, including: firing a minority employee for sleeping on the job while non-minority employees were not fired for doing the same thing (Doc. 1 ¶ 19-21); assigning African American employees to harder shifts (*Id.* ¶ 23); and treating one of Hill's subordinates differently based on her race (*Id.* ¶ 25).

Envoy was aware of these reports because they were made to the company's managers and HR department. (*Id.* ¶¶ 21, 23, 25). Within one week of making one of those reports, Envoy fired Hill. (*Id.* ¶ 26). Because Hill was fired so soon after reporting allegedly discriminatory conduct, the timing could suggest a causal connection between those reports and Hill's termination. *George v. Youngstown State Univ.*, 966 F.3d 446, 460 (6th Cir. 2020) (quoting *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008)).

Second, Envoy takes issue with Hill's use of "information and belief" pleading when Hill alleges that Envoy grouped African American employees into harder shifts. (Doc. 13 at 9-10). Envoy

7

argues that conclusory statements based on information and belief do not satisfy the *Twombly/Iqbal* standard. (*Id.* at 9).

But a plaintiff may plead on information and belief if the facts necessary to support the allegation are in the defendant's possession, and the plaintiff has pled other supporting facts to make the claim plausible. *Floyd v. Buffalo Trace Distillery, Inc.*, No. 3:20-cv-00073-GFVT-EBA, 2021 WL 1113143, at *3 (E.D. Ky. Mar. 23, 2021) (quoting *Mod. Holdings, LLC v. Corning, Inc.*, No. 13-405-GFVT, 2015 WL 1481457, at *12 (E.D. Ky. Mar. 31, 2015), then citing *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463-64 (6th Cir. 2015)).

Hill has met both of those requirements. The facts necessary to prove Hill's belief that Envoy assigned African American employees to harder shifts—likely in the form of internal company records—would be in Envoy's possession. And Hill has pled supporting facts, like the fact that he was reassigned to the night shift after complaining about racial discrimination, that would make his claim about harder shift assignments plausible.

Third, Envoy argues that Hill's participation in his cousin's EEOC investigation doesn't prove that he himself has a claim for retaliation. (Doc. 13 at 10). But that is only one of several instances Hill describes that could form a retaliation claim. In fact, the adverse employment actions undergirding Hill's retaliation claim—reassignment and termination—came not after

8

participating in his cousin's EEOC investigation, but after engaging in another protected activity: reporting racial discrimination. (Doc. 1 ¶¶ 82–83, 85). So even if cooperating with his cousin's EEOC investigation cannot support a retaliation claim, Hill engaged in other protected activities that could. Accordingly, this claim will not be dismissed.

### E. Striking portions of Hill's Complaint

Envoy's last argument is that paragraphs 18 through 22 of Hill's Complaint should be stricken under Federal Rule of Civil Procedure 12(f). (Doc. 13 at 10–11). That rule allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter." Envoy argues that paragraphs 18 through 22—which discuss Hill's cousin's termination from Envoy, his ensuing EEOC claim, and Hill's complaints about racial discrimination—are immaterial to Hill's suit because Hill's firing stemmed from an unrelated event.

But those events are related to Hill's Complaint overall because they show that Hill had a history of complaining about racial discrimination at Envoy, a history that could support his claims for discrimination and retaliation. Accordingly, the Court will not strike those portions of the Complaint.

Therefore, for the reasons stated above, **IT IS ORDERED** that:

(1) Envoy Air's Motion to Dismiss and to strike portions of the Complaint, (Doc. 13), be, and is hereby, **DENIED**.

9

This 16th day of February 2023.



Signed By:
*William O. Bertelsman* WOB
United States District Judge